UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

- - -

UNITED STATES OF AMERICA,      .  Case No. 1:09-cr-148
                               .
          Plaintiff,           .
                               .  *Arraignment and Plea*
       - v -                   .
                               .  Tuesday, October 13, 2009
GARY D. COOLEY,                .  3:45 PM
                               .
          Defendant.           .  Cincinnati, Ohio
. . . . . . . . . . . . . . . .

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE HERMAN J. WEBER, SENIOR JUDGE


For the Plaintiff:     KEVIN C. CULUM, ESQ.
                       MACHELLE L. JINDRA, ESQ.
                       United States Department of Justice
                       Antitrust Division
                       Carl B. Stokes U.S. Court House
                       801 West Superior Avenue, 14th Floor
                       Cleveland, Ohio  44113-1857


For the Defendant:

DOUGLAS E. GROVER, ESQ.          STEPHEN J. BUTLER, ESQ.
Thompson Hine LLP                Thompson Hine LLP
335 Madison Avenue               1400 Scripps Center
12th Floor                       312 Walnut Street
New York, New York  10017-4611   Cincinnati, Ohio  45202-4089


Also present:          Laurie Cooke, Pretrial Services
                       Laura S. Jensen, Probation Officer

Law Clerk:             Amy Peters Thomas, Esq.

Courtroom Deputy:      Darlene Maury

Court Reporter:        Luke T. Lavin, RDR, CRR
                       838 Potter Stewart U.S. Courthouse
                       100 East Fifth Street
                       Cincinnati, Ohio  45202

*Proceedings recorded in stenotype;*
*transcript prepared by computer.*

P R O C E E D I N G S

1

2     (In open court at 3:45 PM.)

3          THE COURT:  Thank you.  Please be seated.

4     Proceed, Ms. Maury.

5          COURTROOM DEPUTY:  Judge, on the docket this afternoon

6     is Criminal Action 09-148, United States of America versus Gary

7     D. Cooley.  Appearing on behalf of the government is Kevin

8     Culum and Machelle Jindra.  Appearing on behalf of the defense

9     is Douglas Grover and Stephen Butler, and the defendant is

10    present in the courtroom.

11         THE COURT:  As I understand it, there's a motion to

12    unseal the documents.

13         MR. CULUM:  Yes, Your Honor.

14         THE COURT:  The Court will grant the motion, and the

15    documents are entered into the record of the court.

16         MR. CULUM:  Thank you, Your Honor.

17         THE COURT:  Proceed, Mr. Culum.  We'll make the record

18    a little more formal here.  As I understand it, it's the intent

19    of the parties to plead to an Information.

20         MR. CULUM:  That is correct, Your Honor.  The

21    Information has been filed and now is under seal, and we've

22    entered into a plea agreement.  Mr. Cooley has been cooperating

23    literally from the beginning, and so --

24         THE COURT:  Let's see.  Are you Mr. Cooley?

25         THE DEFENDANT:  Yes; yes, Your Honor.

1          THE COURT:  And are you represented by a lawyer?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And who is your lawyer?

4          THE DEFENDANT:  Douglas Grover and Stephen Butler.

5          THE COURT:  And, Mr. Grover, have you explained to

6  your client his right to have the matter considered by the

7  grand jury?

8          MR. GROVER:  Yes, I have, Your Honor.

9      And before I proceed, Your Honor, I'm from New York and I

10  have submitted or attempted to submit an application

11  electronically to be admitted pro hac vice.  My understanding

12  is that, because this was a sealed proceeding until moments

13  ago, that application has not been accepted yet by the Clerk's

14  office, but we will make it appropriately after this

15  proceeding.

16          MR. BUTLER:  Your Honor, if necessary, Mr. Grover is

17  my partner, and I will move his admission pro hac vice for

18  purposes of this afternoon's proceedings.

19          THE COURT:  All right.  Thank you very much, Mr.

20  Butler.

21      Are you admitted to a district court somewhere in the big

22  wide world?

23          MR. GROVER:  I certainly am, Your Honor.  The Eastern

24  and Southern Districts of New York.

25          THE COURT:  Thank you.

4

1          MR. GROVER:  And in answer to Your Honor's question,

2    both Mr. Butler and I have discussed our client's right to be

3    indicted by a grand jury.

4          THE COURT:  And what's your advice to your client?

5          MR. GROVER:  We have advised him to waive indictment

6    and proceed in this fashion.

7          THE COURT:  All right.

8       Mr. Cooley, by giving up this right to go before the grand

9    jury --

10      And please understand you cannot be required to stand trial

11   in this court until a grand jury agrees that there's probable

12   cause that you should.

13      However, you do have a right to proceed in this manner, but

14   by proceeding in this manner you do not give up any of your

15   other constitutional rights.  You have the right to plead not

16   guilty.  You have the right to be tried by a jury.  You have a

17   right to be represented by a lawyer throughout the trial, the

18   proceedings.  You have a right to face the prosecution

19   witnesses, and you have a right to compel witnesses to come in

20   and testify on your behalf.  And the United States must prove

21   the charge beyond a reasonable doubt to a group of 12

22   individuals that you and I will help pick at random called the

23   jury, and they must find beyond a reasonable doubt that you did

24   certain things before the cloak of presumption of innocence is

25   taken away from you.

1          So it's important that you realize that all you're giving

2     up at this particular time in the proceeding is the right to

3     have the grand jury consider your case.  And if you feel it's

4     in your own best interest to proceed in this manner, you may

5     sign the written waiver that is before you, and Mr. Grover will

6     explain the agreement to you.

7          (Mr. Grover and the defendant confer privately.)

8               THE COURT:  Let the record show that the Judge has

9     observed the defendant sign the waiver here in open court.

10         Mr. Cooley, is this your signature on the agreement?

11              THE DEFENDANT:  Yes, Your Honor.

12              THE COURT:  And you want to proceed in this manner, is

13    that --

14              THE DEFENDANT:  Yes, Your Honor.

15              THE COURT:  And you feel you're acting in our own best

16    interest?

17              THE DEFENDANT:  Yes, Your Honor.

18              THE COURT:  The Court will accept the waiver of

19    indictment and order the Information filed, and it will become

20    the charging document in this court.

21         Before we proceed any further, I want to be sure that you

22    understand what the Information says, so I'm going to ask Mr.

23    Culum to present the Information to the record in this case.

24              THE DEFENDANT:  Okay.

25              MR. CULUM:  Thank you, Your Honor.

1    The Information is entitled "United States of America v.

2  Gary D. Cooley."  Caption:  "Information, Conspiracy to

3  Restrain Trade, 15 U.S.C. Section 1."

4    The United States of America, acting through its attorney,

5  charges:

6    1. Gary D. Cooley is hereby made a defendant on the charge

7  stated below.

8    Roman numeral I.  Heading:  Description Of The Offense.

9    Paragraph 2.  Beginning at least as early as June 1st,

10  2006, and continuing until at least July 17th, 2007, the exact

11  dates being unknown to the United States, the defendant and

12  co-conspirators entered into and engaged in a conspiracy to

13  suppress and eliminate competition by allocating packaged-ice

14  customers in southeastern Michigan and the Detroit, Michigan,

15  metropolitan area.  The charged conspiracy unreasonably

16  restrained interstate trade and commerce, in violation of

17  Section 1 of the Sherman Act, 15 U.S.C. Section 1.

18    Paragraph 3.  The charged conspiracy consisted of a

19  continuing agreement, understanding, and concert of action

20  among the defendant and co-conspirators, the substantial terms

21  of which were to allocate packaged-ice customers in

22  southeastern Michigan and the Detroit, Michigan, metropolitan

23  area.

24    Roman numeral II.  Heading:  Means And Methods Of The

25  Conspiracy.

Paragraph 4.  For the purposes of forming and carrying out the charged conspiracy, the defendant and co-conspirators did the following things, among others:

(a) participated in conversations to discuss packaged-ice customers in southeastern Michigan and the Detroit, Michigan, metropolitan area;

(b) agree during those conversations to allocate packaged-ice customers in southeastern Michigan and the Detroit, Michigan, metropolitan area;

(c) exchange information during those conversations for the purposes of monitoring and enforcing adherence to the agreements to allocate customers in southeastern Michigan and the Detroit, Michigan, metropolitan area; and

(d) refrain from competing for packaged-ice customers that were so allocated.

Roman numeral III.  Defendant And Co-Conspirators.

Paragraph 5.  During the period covered by this Information, the defendant was the vice president of sales and marketing of Artic Glacier International Inc., which is a corporation organized and existing under the laws of the state of Delaware and does business in multiple states, with its principal place of business in St. Paul, Minnesota.

Paragraph 6.  Various individuals and corporations not made defendants in this Information participated as co-conspirators in the offense charged and performed acts and made statements

1   in furtherance of it.

2       Roman numeral IV.  Caption:  Trade And Commerce.

3       Paragraph 7.  During the period covered by this

4   Information, the defendant and co-conspirators:  (1)

5   manufactured packaged ice; (2) distributed packaged ice to

6   retailers in southeastern Michigan and the Detroit, Michigan,

7   metropolitan area; and (3) caused packaged ice to be purchased

8   from, sold to, or distributed from or to, individuals and

9   companies located inside and outside of southeastern Michigan

10  and the Detroit, Michigan, metropolitan area.

11      Paragraph 8.  During the period covered by this

12  Information, substantial quantities of packaged ice

13  manufactured and sold by the defendant was shipped across state

14  lines in a continuous and uninterrupted flow of interstate

15  trade and commerce.

16      Paragraph 9.  The business activities of the defendant and

17  co-conspirators that are the subject of this Information were

18  within the flow of, and substantially affected, interstate

19  trade and commerce.

20      Roman numeral V.  Caption:  Venue.

21      The conspiracy charged in this Information was formed and

22  carried out within the Southern District of Ohio, Western

23  Division.  At least one of the conspiratorial meetings --

24      It should read "discussions," Your Honor.  It was

25  "discussions," not "meetings."

1        -- described above took place in Cincinnati, Ohio, which is

2   located within the Southern District of Ohio.  Acts in

3   furtherance of this conspiracy were carried out within the five

4   years preceding the filing of this Information.

5        All in violation of Title 15, United States Code, Section

6   1.

7        It is signed by the Assistant Attorney General Christine

8   Varney; the Deputy Assistant Attorney General Scott Hammond;

9   the Director of Criminal Enforcement Marc Siegel; the chief of

10  our office in Cleveland, Scott Watson; and myself, Kevin Culum.

11           THE COURT:  Has Mr. Grover explained to you the

12  meaning of this --

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  -- charge?

15           THE DEFENDANT:  Yes.

16           THE COURT:  And are you prepared to plead to this

17  charge at this time?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  And how do you plead?

20           THE DEFENDANT:  I plead guilty.

21           THE COURT:  Before accepting your plea of guilty, I

22  must determine that it is made voluntarily, with an

23  understanding of the nature of the charge and the consequences

24  of the plea.  By offering to plead guilty, you give up certain

25  of your constitutional rights.  This must be an intentional

1    giving up of rights and privileges that you now have.

2        Please understand that I need not accept your plea unless

3    satisfied of your guilt and that you fully understand your

4    rights.  In order to make this determination, I must ask you

5    some questions.  Before I do, it's necessary you obligate

6    yourself to tell the truth.  Once having been sworn, your

7    answers to my questions will be subject to the penalties of

8    perjury, of making a false statement, or possibly contempt of

9    court if you do not answer truthfully.

10       Are you willing to accept the obligation to tell the truth?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Would you swear the witness.

13           COURTROOM DEPUTY:  Mr. Cooley, please stand and raise

14   your right hand.

15       (The defendant was duly sworn by the courtroom deputy.)

16           COURTROOM DEPUTY:  Thank you.  Be seated.

17           THE COURT:  Mr. Cooley, how much education do you

18   have?

19           THE DEFENDANT:  I have a high school degree and some

20   college.

21           THE COURT:  We're speaking in the English language?

22           THE DEFENDANT:  Yes.

23           THE COURT:  You see, the record doesn't have any eyes,

24   so I have to ask you these questions so I'm satisfied that

25   whomever reads this record will understand we're speaking in

```
 1   English.

 2            THE DEFENDANT:  Okay.

 3            THE COURT:  Can you understand me?

 4            THE DEFENDANT:  Yes.

 5            THE COURT:  And I can understand you.

 6            THE DEFENDANT:  Okay.

 7            THE COURT:  Have you taken any narcotic drugs,

 8   medicine or pills or drunk any alcoholic beverages in the past

 9   24 hours?

10            THE DEFENDANT:  I have not.

11            THE COURT:  Mr. Grover, do you have any doubt as to

12   the defendant's competency to plead at this time?

13            MR. GROVER:  No, I do not, Your Honor.

14            THE COURT:  Now, we just read together the Information

15   that charges you with this violation.  Do you understand the

16   nature and meaning of this charge?

17            THE DEFENDANT:  I do.

18            THE COURT:  Have you told your lawyer everything you

19   know about this case?

20            THE DEFENDANT:  I have.

21            THE COURT:  Do you believe your lawyer is fully

22   informed about the facts and circumstances on which this charge

23   is based?

24            THE DEFENDANT:  I do.

25            THE COURT:  Has your lawyer fully informed counsel and
```

1    advised you on the nature and meaning of this charge?

2          THE DEFENDANT:  Yes, they have.

3          THE COURT:  Now, before you can be determined guilty

4    of this charge, the United States must prove certain things

5    beyond a reasonable doubt to a group of individuals that we'll

6    select at random -- you and I will help select them -- from the

7    general public called the jury, and the jury must find beyond a

8    reasonable doubt that you did these things.  They're called

9    elements.

10        The elements of this charge is that the conspiracy,

11   agreement, or understanding described in the Information --

12        And you recall we just read that together.

13         THE DEFENDANT:  I do.

14         THE COURT:  -- was knowingly formed and was existing

15   at or about June 1, 2006, and continuing until at least July

16   the 17th, 2007, that you knowingly became a member of the

17   conspiracy agreement or understanding as charged, and that the

18   conspiracy constituted an unreasonable restraint of interstate

19   commerce, and that the offense was carried out in part in the

20   Southern District of Ohio within five years preceding the

21   filing of the Information.

22        And the Southern District of Ohio, for your information, is

23   the southern half of Ohio.  If you would draw a line from the

24   east to the west border north of Columbus, and the land south

25   of there is the Southern District of Ohio, to the river.

1   Cincinnati, Hamilton, Lebanon, Batavia are in the Southern

2   District of Ohio.

3           THE DEFENDANT:  Okay.

4           THE COURT:  Now, do you understand that you will admit

5   that you did all these things beyond a reasonable doubt?

6           THE DEFENDANT:  Yes, I do.

7           THE COURT:  Now, do you know what the maximum possible

8   penalty for this offense is?

9           THE DEFENDANT:  Yes, I've been informed.

10          THE COURT:  And what is it?

11          THE DEFENDANT:  A term of imprisonment for ten years,

12  a fine in an amount equal to the greatest of 1 million or twice

13  the gross pecuniary gain of the conspirators derived from the

14  crime, or twice the gross pecuniary loss caused to the victims

15  of the crime by the conspirators, and a term of supervised

16  release of three years following any term of imprisonment.  The

17  Court may order me to pay restitution to the victims of the

18  offense, and the Court is required to order the defendant to

19  pay a hundred dollar special assessment upon conviction of the

20  charged crime.

21          THE COURT:  Now, the importance of the supervised

22  release is this, that at the time of sentencing, if you're

23  sentenced to the penitentiary, you'd also be sentenced to a

24  term of supervised release of up to three years.  At the time

25  of sentencing, conditions on your conduct during the period of

supervised release will be set.  If you should violate those
conditions during the term of supervised release, you could be
returned to the penitentiary for a period of time, and under
these circumstances two years.  So under the worst scenario
from your point of view, you could serve 12 years in the
penitentiary.

Do you understand?

THE DEFENDANT:  I understand, Your Honor.

THE COURT:  Now, the Court will impose a sentence and
is required by law to impose a sentence that is sufficient but
not greater than necessary to follow the dictates of Congress
set forth in Title 18, United States Code, Section 3553.  One
of the things that we will consider during that time will be
the Sentencing Guidelines.

Now, I'm sure you have discussed the Sentencing Guidelines
and have considered them.  And what is your information as to
the Sentencing Guidelines applicable to your case?

THE DEFENDANT:  It's level 13, Your Honor, is I
believe what I've been informed of.

THE COURT:  12 to 18.

THE DEFENDANT:  Yeah.

THE COURT:  I mean, 12 to 18, I think, is the range
that's set there.

THE DEFENDANT:  Yes.  Offense level 13, 12 to 18.

THE COURT:  All right.  So that's what the Guidelines

1  would provide in your case if it turns out that those are the

2  facts justifying that range.

3      Now, please understand that that is advisory, that the

4  Court has the authority to sentence you above the Guideline

5  range or below the Guideline range.

6      And do you understand that under the Sentencing Reform Act

7  that there is no parole?

8              THE DEFENDANT:  Yes, I do, Your Honor.

9              THE COURT:  And do you understand that under certain

10  circumstances either you or the United States may appeal any

11  sentence imposed?

12             THE DEFENDANT:  Yes, I do, Your Honor.

13             THE COURT:  And do you also understand that you may

14  lose your right to vote; you will lose your right to possess a

15  firearm; you may not serve on a jury or hold public office as

16  collateral consequences of your plea?

17             THE DEFENDANT:  Yes, I do, Your Honor.

18             THE COURT:  Now, are you an American citizen?

19             THE DEFENDANT:  Yes, I am.

20             THE COURT:  Now, please understand that after you are

21  sentenced you will have no right to withdraw your guilty plea.

22             THE DEFENDANT:  Yes, I do.

23             THE COURT:  Now, the sentence that will be imposed in

24  your case will be determined by applying these particular

25  elements to the discussion, and it's your responsibility and my

1    responsibility to consider all information that will help us in

2    formulating a just sentence in your case.  The magic words are

3    "sufficient but not greater than necessary" to accomplish these

4    purposes.  And what we will consider are these:  the nature and

5    circumstances of this offense and your history and

6    characteristics, the need for the sentence imposed to reflect

7    the seriousness of the offense, to promote respect for the law,

8    and to provide just punishment for the offense, to afford

9    adequate deterrence to criminal conduct generally, to protect

10   the public from further crimes you may commit, and to provide

11   you with needed educational or vocational training, medical

12   care, or other correctional treatment in the most effective

13   manner, and the kinds of sentences available and the

14   applicability of the Guidelines, which we've already discussed.

15        Now, do you realize that we will discuss all of those items

16   and that it is our duty to come up with that sentence:  that is

17   sufficient but not greater than necessary?

18             THE DEFENDANT:  Yes, I understand, Your Honor.

19             THE COURT:  Now, since you know how the sentence will

20   be imposed and since you know the maximum sentence that can be

21   imposed, do you still wish to plead guilty?

22             THE DEFENDANT:  Yes, I do, Your Honor.

23             THE COURT:  Do you understand that if I accept your

24   plea of guilty, I can impose the maximum sentence?

25             THE DEFENDANT:  Yes, I do, Your Honor.

1          THE COURT:  And please understand that if I accept

2    your guilty plea, I may or may not place you on probation.

3          THE DEFENDANT:  Yes, I do, Your Honor.

4          THE COURT:  I advise you that under the Constitution

5    and laws of the United States, you have the right to plead not

6    guilty.  You have the right to be tried by a jury, and at such

7    a speedy and public trial you would have the right to the

8    assistance of a lawyer, the right to confront and cross-examine

9    witnesses against you, and the right not to be compelled to

10   incriminate yourself.

11      At such trial you would be presumed innocent until such

12   time, if ever, as the United States established your guilt by

13   legal evidence beyond a reasonable doubt.  At such trial you

14   would be entitled to compulsory process, to call witnesses on

15   your behalf.

16      Do you understand that if your plea of guilty here is

17   accepted, you will give up all of these rights that I have

18   mentioned?

19          THE DEFENDANT:  I understand.

20          THE COURT:  And do you understand that if you plead

21   guilty, there will not be a further trial of any kind in your

22   case, so that by pleading guilty, you are giving up your right

23   to a trial?

24          THE DEFENDANT:  I understand.

25          THE COURT:  And do you understand that if your plea of

1  guilty is accepted, the Court can impose the same penalty as

2  though you pled not guilty, stood trial, and had been convicted

3  by a jury?

4          THE DEFENDANT:  I understand.

5          THE COURT:  If you plead guilty, do you understand

6  that you'll also have to give up your right not to incriminate

7  yourself, since I will have to ask you questions about what you

8  did in order to satisfy me that you are guilty as charged and

9  you will have to acknowledge your guilt?

10          THE DEFENDANT:  I understand.

11          THE COURT:  Are you willing to give up your right to a

12  trial and the other rights I have just discussed?

13          THE DEFENDANT:  Yes, I do, Your Honor.

14          THE COURT:  Proper plea agreements are permissible.

15  However, you and the lawyers have a duty to disclose to the

16  record any terms of any plea agreement.

17     It is my understanding that you have entered into a plea

18  agreement in this case.  Is that correct?

19          THE DEFENDANT:  Yes, it is, Your Honor.

20          THE COURT:  I'm going to ask Mr. Culum to display the

21  plea agreement onto the record.  Please listen as he does so,

22  follow along.  After he has completed his presentation, I may

23  ask you some questions about the plea agreement.

24          THE DEFENDANT:  (Nods head up and down.)

25          THE COURT:  Proceed, Mr. Culum.

1          MR. CULUM:  Thank you, Your Honor.

2      United States of America v. Gary D. Cooley.  Heading:  Plea

3  Agreement.

4      The United States of America and Gary D. Cooley,

5  parentheses, defendant, hereby enter into the following plea

6  agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of

7  Criminal Procedure:

8      1. The defendant understands his rights:

9      (a) to be represented by an attorney;

10     (b) to be charged by Indictment;

11     (c) to plead not guilty to any criminal charge brought

12  against him;

13     (d) to have a trial by jury at which he would be presumed

14  not guilty of the charge and the United States would have to

15  prove every essential element of the charged offense beyond a

16  reasonable doubt for him to be found guilty;

17     (e) to confront and cross-examine witnesses against him and

18  to subpoena witnesses in his defense at trial;

19     (f) not to be compelled to incriminate himself;

20     (g) to appeal his conviction, if he is found guilty; and

21     (h) to appeal the imposition of sentence against him.

22     Title:  Agreement To Plead Guilty And Waive Certain Rights.

23     Paragraph 2.  The defendant knowingly and voluntarily

24  waives the rights set out in paragraphs 1(b) through (h) above.

25  The defendant also knowingly and voluntarily waives the right

to file any appeal, any collateral attack, or any other writ or motion including, but not limited to, an appeal under 18 U.S.C. Section 3742 or a motion under 28 U.S.C. Section 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with the Guidelines calculations described in paragraph 8 of this plea agreement.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. Section 3742(b). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or a collateral attack respecting the claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Federal Rule of Criminal Procedure 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Southern District of Ohio.  The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by agreeing with other packaged-ice manufacturers to allocate customers in southeastern Michigan and the Detroit, Michigan, metropolitan area, beginning at least as early as June 1st, 2006, and continuing until at least July 17th, 2007, in violation of the Sherman Antitrust Act, 15 U.S.C. Section 1.

Paragraph 3.  The defendant, pursuant to the terms of this plea agreement, will plead guilty to the criminal charge

described in paragraph 2 above and will make a factual
admission of guilt to the Court in accordance with Federal Rule
of Criminal Procedure 11, as set forth in paragraph 4 below.
The United States agrees that, at the arraignment, it will
stipulate to the release of the defendant on his personal
recognizance, pursuant to 18 U.S.C. Section 3142, pending the
sentencing hearing in this case.

Title:  Factual Basis For The Offense Charged.

Paragraph 4.  Had this case gone to trial, the United
States would have presented evidence sufficient to prove the
following facts:

(a) For purposes of this plea agreement, the relevant
period is that period beginning at least as early as June 1st,
2006, and continuing until at least July 17th, 2007.  During
the relevant period, the defendant was vice president, sales
and marketing, of Artic Glacier International Inc., "Artic
Glacier," a corporation organized and existing under the laws
of the state of Delaware, which does business in multiple
states, and with its principal place of business in St. Paul,
Minnesota.  During the relevant period, Artic Glacier was the
producer of packaged ice in multiple states and was engaged in
the sale of packaged ice.  Packaged ice is marketed as a
high-grade ice for human consumption and is sold in varying
sizes, blocks, big bags, and small bags.

(b) During the relevant period, the defendant resided in

1   and maintained a home office in Cincinnati, Ohio, which is

2   located in the Southern District of Ohio.

3       (c) During the relevant period, the defendant participated

4   in a conspiracy to allocate customers of packaged ice sold in

5   southeastern Michigan and the Detroit, Michigan, metropolitan

6   area.  In furtherance of the conspiratorial activity, the

7   defendant engaged in discussions with representatives of other

8   packaged-ice producers.  During these discussions, agreements

9   were reached to allocate customers of packaged ice to be sold

10  in southeastern Michigan and the Detroit, Michigan,

11  metropolitan area.

12      During the relevant period, Artic Glacier sales of packaged

13  ice affecting customers totaled over $10 million.

14      (e) During the relevant period, packaged ice sold by one or

15  more of the conspirator firms, and equipment and supplies

16  necessary to the production and distribution of packaged ice,

17  as well as payments for packaged ice, traveled in interstate

18  commerce.  The business activities of the defendant's employer

19  and its co-conspirators in connection with the production and

20  sale of packaged ice affected by this conspiracy were within

21  the flow of, and substantially affected, interstate trade and

22  commerce.

23      (f) Acts in furtherance of this conspiracy were carried out

24  within the Southern District of Ohio, Western Division.  At

25  least one of the conspiratorial discussions described above

took place in Cincinnati, Ohio, which is located within the

Southern District of Ohio.

     Caption:  Possible Maximum Sentence.

     Paragraph 5.  The defendant understands that the statutory

maximum penalty which may be imposed against him upon

conviction for a violation of Section 1 of the Sherman Act is,

Antitrust Act is:

     (a) a term of imprisonment for ten years, 15 U.S.C. Section

1;

     (b) a fine in an amount equal to the greatest of (1) 1

million, (2) twice the gross pecuniary gain the conspirators

derived from the crime, or (3) twice the gross pecuniary loss

caused to the victims of the crime by the conspirators, 15

U.S.C. Section 1, 18 U.S.C. Section 3571(b) and (d); and

     (c) a term of supervised release of three years following

any term of imprisonment.  If the defendant violates any

condition of supervised release, the defendant could be

required to serve up to two years in prison, 18 U.S.C. Section

3559(a)(3), 18 U.S.C. Section 3583(b)(2) and (e)(3), and the

United States Sentencing Guidelines Section 5D1.2(a)(2).

     6.  In addition, the defendant understands that:

     (a) pursuant to United States Sentencing Guideline Section

5E1.1 or 18 U.S.C. Section 3663(a)(2) -- (a)(3), excuse me, or

3583(d), the Court may order him to pay restitution to the

victims of the offense; and

(b) pursuant to 18 U.S.C. Section 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment upon conviction for the charged crime.

Title:  Sentencing Guidelines.

Paragraph 7.  The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. Section 3553(a), in determining and imposing sentence.  The defendant understands that the Guideline determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the absolute applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. 3553(a).  Pursuant to United States Sentencing Guidelines Section 1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this plea agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in United States Sentencing Guideline Section 1B1.8(b).

Paragraph 8.  Pursuant to the United States Sentencing Guideline Section 6B1.4, the United States and the defendant

1    enter into the following stipulations:

2        (a) The base offense level for the offense to which the

3    defendant is pleading guilty, as established by United States

4    Sentencing Guideline 2R1.1(a), is 12.

5        (b) The volume of commerce attributable to the defendant

6    within the meaning of United States Sentencing Guideline

7    Section 2R1.1(b)(2) is more than 10 million but less than $40

8    million, which increases the offense level by four.

9        (c) For purposes of United States Sentencing Guideline

10   Section 3E1.1, a three-level reduction of the offense level for

11   defendant's acceptance of responsibility is appropriate.

12   However, should the United States obtain or receive additional

13   evidence or information prior to sentencing that, in its sole

14   discretion, it determines to be credible and materially in

15   conflict with this stipulation, then the United States shall no

16   longer be bound by this stipulation.

17       (d) Based on the foregoing, defendant's adjusted offense

18   level for the offense to which he is pleading guilty is 13.

19   The Guidelines incarceration range for offense level 13 is 12

20   to 18 months' imprisonment.  The defendant's appropriate

21   Guidelines fine range is governed by Section 2R1(c)(1).

22       And evidently we made a mistake.

23       Title:  Sentencing Agreement.

24       Paragraph 9.  The defendant understands that the sentence

25   to be imposed on him is within the sole discretion of the

sentencing judge.  The United States cannot and does not make any promises or representations as to what sentence he will receive and is free to recommend any specific sentence to the Court.  However, the United States will inform the probation office and the Court of (a) this agreement; (b) the nature and extent of the defendant's activities with respect to this case and all other activities of the defendant which the United States deems relevant to sentencing; and (c) the nature and extent of the defendant's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by the defendant both prior and subsequent to the signing of this agreement.  The United States reserves the right to make any statement to the Court or to the probation office concerning the nature of the criminal violation charged in this Information, the participation of the defendant therein, and any other facts or circumstances that it deems relevant.  The United States also reserves the right to comment on or to correct any representation made by or on behalf of the defendant, and to supply any other information that the Court may require.

Paragraph 10.  If the United States determines that the defendant has provided substantial assistance in any investigation or prosecution in the packaged-ice industry and has otherwise fully complied with all of the terms of this plea agreement, it will file a motion, pursuant to United States

Sentencing Guidelines Section 5K1.1, advising the sentencing
judge of all relevant facts pertaining to that determination
and requesting the Court to sentence the defendant in light of
the factors set forth in United States Sentencing Guideline
Section 5K1.1(a)(1) through (5).  The defendant acknowledges
that the decision whether he has provided substantial
assistance in any investigation or prosecution of the packaged-
ice industry and has otherwise complied with the terms of this
plea agreement is within the sole discretion of the United
States.  It is understood that, should the United States
determine that the defendant has not provided substantial
assistance in any investigation or prosecution of the
packaged-ice industry, or should the United States determine
that the defendant has violated any provision of this plea
agreement, such a determination will release the United States
from any obligation to file a motion the pursuant to United
States Sentencing Guideline Section 5K1.1, but will not entitle
the defendant to withdraw his guilty plea once it has been
entered.  The defendant further understands that, whether or
not the United States files a motion pursuant to United States
Sentencing Guideline Section 5K1.1, the sentence to be imposed
on him remains within the sole discretion of the sentencing
judge.  To enable the Court to have the benefit of all relevant
sentencing information, the United States may request that
sentencing be postponed until his cooperation is complete.

Paragraph 11.  The parties agree that they are not aware at this time of any aggravating or mitigating circumstances of any kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to United States Sentencing Guideline Section 5K2.0.

Paragraph 12.  In light of the availability of civil causes of actions available pursuant to 15 U.S.C. Section 15, the United States agrees it will not seek a restitution order for the offense charged in the Information.

Paragraph 13.  The defendant understands that the Court will order him to pay a $100 special assessment pursuant to 18 U.S.C. Section 3013(a)(2)(A) in addition to any fine imposed.

Paragraph 14.  The defendant understands that, as provided in Federal Rule of Criminal Procedure 11(c)(3)(B), if the Court does not impose a sentence consistent with either party's sentencing recommendation, he nevertheless has no right to withdraw his plea of guilty.

Title:  Defendant's Cooperation.

Paragraph 15.  The defendant will cooperate fully and truthfully with the United States in prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of packaged ice in the United States, any other federal investigation resulting therefrom, and any litigation or other

proceedings arising or resulting from any such investigation to which the United States is a party, parentheses, federal proceeding.  The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a) producing all non-privileged documents, including claimed personal documents, and other materials, wherever located, in the possession, custody, or control of defendant, requested by attorneys and agents of the United States;

(b) making himself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c) responding fully and truthfully to all inquiries of the United States in connection with any federal proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements, 18 U.S.C. Section 1001, and obstruction of justice, 18 U.S.C. 1503, et sequentes;

(d) otherwise voluntarily providing the United States with any non-privileged material or information, not requested in (a) through (c) of this paragraph, that he may have that is related to any federal proceeding; and

(e) when called upon to do so by the United States in connection with any federal proceeding, testifying in grand jury, trial, and other judicial proceedings, fully, truthfully, and under oath, subject to the penalties of perjury, 18 U.S.C.

Section 1621, making false statements or declarations in grand jury or court proceedings, 18 U.S.C. Section 1623; contempt, 18 U.S.C. Sections 401 and 402; and obstruction of justice, 18 U.S.C. 1503, et sequentes.

Title:  Government's Agreement.

Paragraph 16.  Subject to the full and truthful and continuing cooperation of the defendant, as described in paragraph 15 of this plea agreement, and upon the Court's acceptance of the guilty plea called for by this plea agreement and the imposition of the sentence as determined by the Court, the United States will not bring further criminal charges against the defendant for any act or offense committed before the date of this plea agreement that was undertaken in furtherance of an attempted or completed antitrust conspiracy involving the sale of packaged ice or undertaken in connection with any investigation of such a conspiracy, "relevant offense" in parentheses.  The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

Paragraph 17.  The defendant understands that he may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this plea agreement and that this plea agreement in no way controls whatever action, if any, other agencies may take.  However, the

1  United States agrees that, if requested, it will advise the

2  appropriate officials of any governmental agency considering

3  such administrative action of the fact, manner, and extent of

4  the cooperation of the defendant as a matter for that agency to

5  consider before determining what administrative action, if any,

6  to take.

7      Title:  Representation By Counsel.

8      Paragraph 18.  The defendant has reviewed all legal and

9  factual aspects of this case with his attorney and is fully

10 satisfied with his attorney's legal representation.  The

11 defendant has thoroughly reviewed this plea agreement with his

12 attorney and has received satisfactory explanations from his

13 attorney concerning each paragraph of this plea agreement and

14 alternatives available to the defendant other than entering

15 into this plea agreement.  After conferring with his attorney

16 and considering all available alternatives, the defendant has

17 made a knowing and voluntary decision to enter into this plea

18 agreement.

19     Caption:  Voluntary Plea.

20     Paragraph 19.  The defendant's decision to enter into this

21 plea agreement and to tender a plea of guilty is freely and

22 voluntarily made and is not the result of force, threats,

23 assurances, promises, or representations other than the

24 representations contained in this plea agreement.  The United

25 States has made no promises or representations to the defendant

as to whether the Court will accept or reject the recommendations contained within this plea agreement.

Caption:  Violation Of The Plea Agreement.

Paragraph 20.  The defendant agrees that, should the United States determine in good faith, during the period that any federal proceeding is pending, that the defendant has failed to provide full and truthful cooperation, as described in paragraph 15 of this plea agreement, or has otherwise violated any provision of this plea agreement, the United States will notify the defendant or his counsel in writing by personal or overnight delivery or facsimile transmission and may also notify his counsel by telephone of its intention to void any of its obligations under this plea agreement, except obligations under this paragraph, and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offense relating to the investigation resulting in this plea agreement.  The defendant agrees that, in the event that the United States is released from its obligations under this plea agreement and brings criminal charges against the defendant for any relevant offense, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this plea agreement and six months after the date the United States gave notice of its intent to void its obligations under this plea agreement.

1    Paragraph 21.  The defendant understands and agrees that in

2   any further prosecution of him resulting from the release of

3   the United States from its obligations under this plea

4   agreement based on the defendant's violation of the plea

5   agreement, any documents, statements, information, testimony,

6   or evidence provided by him to attorneys or agents of the

7   United States, federal grand juries, or courts, and any leads

8   derived therefrom, may be used against him in any such further

9   prosecution.  In addition, the defendant unconditionally waives

10   his right to challenge the use of such evidence in any such

11   further prosecution, notwithstanding the protections of Federal

12   Rule of Evidence 410.

13    Caption:  Entirety Of The Agreement.

14    Paragraph 22.  This agreement constitutes the entire

15   agreement between the United States and the defendant

16   concerning the disposition of the criminal charge in this case.

17   This plea agreement cannot be modified except in writing,

18   signed by the United States and the defendant.

19    Paragraph 23.  The undersigned attorneys for the United

20   States have been authorized by the Attorney General of the

21   United States to enter this plea agreement on behalf of the

22   United States.

23    The plea agreement is dated September 10th, 2009, signed by

24   Mr. Cooley; his attorneys Mr. Grover and Mr. Butler; and

25   likewise by myself, Kevin Culum

1          THE COURT:  Mr. Cooley, is that your signature at the

2     end of the agreement?

3          THE DEFENDANT:  Yes, it is, Your Honor.

4          THE COURT:  Would you read me the 22nd paragraph in

5     the agreement.

6          THE DEFENDANT:  "This plea agreement constitutes the

7     entire agreement between the United States and the defendant

8     concerning the disposition of the criminal charge in this case.

9     The plea agreement cannot be modified except in writing, signed

10    by the United States and the defendant."

11         THE COURT:  Have all the agreements you made in this

12    plea agreement that we've just read into the record, are they

13    all truthful?

14         THE WITNESS:  Yes, they are, Your Honor.

15         THE COURT:  And you intend to carry them out?

16         THE DEFENDANT:  Yes, I do, Your Honor.

17         THE COURT:  Do you have questions at this time?

18         THE DEFENDANT:  No, I do not.

19         THE COURT:  Has anyone made any promise, other than

20    the plea agreement, that induced you to plead guilty?

21         THE DEFENDANT:  No, Your Honor.

22         THE COURT:  Aside from the plea agreement, which we

23    are discussing, has anyone, including an agent or officer of

24    any law enforcement or government entity, any lawyer, anyone,

25    any lawyer, anyone, any person, suggested that you'll receive

1    any lighter sentence or any other form of leniency if you'll

2    plead guilty?

3              THE DEFENDANT:  No, Your Honor.

4              THE COURT:  Have any threats been made --

5              THE DEFENDANT:  No, Your Honor.

6              THE COURT:  -- to induce you to plead guilty?

7              THE DEFENDANT:  No, Your Honor.

8              THE COURT:  Do you have any questions at this time at

9    all?  And if you're concerned about asking a question directly

10   of me, Mr. Grover or Mr. Butler, they'll be glad to ask the

11   question on your behalf.

12             THE DEFENDANT:  I do not, Your Honor.

13             THE COURT:  Is it fair, then, for me to believe that

14   this decision of yours to plead guilty is your voluntary act

15   and deed?

16             THE DEFENDANT:  Yes, it is, Your Honor.

17             THE COURT:  Is it fair for me to believe that you're

18   pleading guilty here today because you are, in fact -- or that

19   you do realize the nature of the charge against you and the

20   consequences of that plea?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Now if you'll turn to page 3 of the plea

23   agreement, please.

24       Now, there is a list of the factual basis for this plea.

25   Would you please carefully review them for me, and my question

1  is:  do you have any additions or corrections or statements you

2  wish to add to those statements that are contained in that

3  section of the plea agreement?

4          THE DEFENDANT:  No, Your Honor.  I've read these a few

5  times today prior to coming in, and I believe that they are

6  completely factual.

7          THE COURT:  Mr. Grover, has your investigation into

8  the facts of this case established the truth of the basis of

9  the offense charged?

10         MR. GROVER:  Yes, Your Honor.

11         THE COURT:  Mr. Cooley, are the statements contained

12  there in the plea agreement the truth?

13         MR. GROVER:  Yes, they are, Your Honor.

14         THE COURT:  Is it fair, then, for me to believe that

15  you're pleading guilty here today because you are, in fact,

16  guilty of a violation of Title 15, Section 1, of the Sherman

17  Antitrust Act?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Is there anything further we should

20  develop into the record before I make my findings in the

21  matter, Mr. Culum?

22         MR. CULUM:  No, Your Honor.

23         THE COURT:  Mr. Grover, anything you wish to add to

24  the record before I make my findings in the matter?

25         MR. GROVER:  No, Your Honor.

1          THE COURT:  Mr. Butler, anything?

2          MR. BUTLER:  No, Your Honor.

3          THE COURT:  I want you to know you're welcome.

4     Mr. Cooley, any questions?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  The trial judge has observed the

7     appearance and responsiveness of Mr. Cooley, the defendant, in

8     giving his answers to the questions asked.  Based on such

9     observation and the answers given, the trial judge is satisfied

10    that Mr. Cooley is in full possession of his faculties.  He is

11    not suffering from any apparent physical or mental illness.  He

12    is not under the influence of narcotics or alcohol.  He

13    understands that his sentence will be determined pursuant to

14    18, United States Code, Section 3553, and he understands that

15    the Sentencing Reform Act Guidelines are discretionary and

16    advisory only.

17    He understands the proceeding in which he is engaged.  He

18    understands the nature and meaning of the charge and the

19    consequences of his plea of guilty, and he is aware of all plea

20    negotiations undertaken on his behalf.

21    Do you have any questions at this time about the findings

22    or the proceedings?

23          THE DEFENDANT:  No, I do not, Your Honor.

24          THE COURT:  The trial judge therefore finds that the

25    plea has been made voluntarily, with understanding of the

nature of the charge and the consequence of such plea.  I will

accept your guilty plea and enter a judgment of guilty to a

violation of Title 15, United States Code, Section 1, the

Sherman Antitrust Act.

The matter will be referred to the United States Department

of Probation for a presentence investigation.  I'll reserve

ruling on acceptance of the plea agreement until such time as I

have the complete information at the time of sentencing.  The

sentence will be set for Thursday, February the 4th, 2010, at

10:00 AM.  Thursday, February 4, 10:00 AM, 2010.

The probation officer will give us a timeline on collecting

the information necessary to assist us in forming a sufficient

sentence but not greater than necessary.  So it's very

important that we cooperate in getting this information

together so that you and I can discuss it at sentencing.  So,

please, if you have any complications in that regard, follow

Mr. Grover's advice and get that information together as

quickly as we possibly can to meet the sentencing date of

February the 4th.

THE DEFENDANT:  I will, Your Honor.

THE COURT:  I have before me the report of the

pretrial service officer.  Have you had a chance to go over

that report and --

THE DEFENDANT:  Yes, I have, Your Honor.

THE COURT:  And do you have any corrections or

1   additions you wish to make to the report?

2            THE DEFENDANT:  No, I did not.

3            THE COURT:  Mr. Grover?

4            MR. GROVER:  Your Honor, the only correction, and I

5   don't think it has a substantive result, is that I believe that

6   the pretrial officer and Mr. Cooley's wife had difficulty

7   connecting with each other, and as a result, the pretrial

8   officer didn't ever speak to Mr. Cooley's wife.  His wife is in

9   the courtroom today.  And I know they exchanged phone calls and

10  then we had the federal holiday yesterday, and so that never

11  was accomplished.  But the recommendation seems to be clear,

12  and it's consistent with the agreement with the government, so

13  we have no objection.

14           THE COURT:  Any comment, Mr. Culum?

15           MR. CULUM:  No, Your Honor.

16           THE COURT:  It's extremely important that anyone that

17  is interested in you, Mr. Cooley, cooperate and get the

18  information that will assist me and you in determining a just

19  sentence in your case.  So it is extremely important that

20  anyone that you feel can help us make that decision, that they

21  cooperate and give the information that you wish them to give

22  to the probation officer.

23           THE DEFENDANT:  I understand, Your Honor.

24           THE COURT:  The Court then will accept a

25  recommendation.

1       At this time I will set the conditions of the bond.  The

2   conditions of the bond will be that you will not violate any

3   federal, state, or local law while on release, that you must

4   immediately advise the Court, defense counsel, and the U.S.

5   Attorney in writing before any change in address or telephone

6   number, that you promise to appear in court as required and

7   surrender to serve any sentence imposed, that you execute an

8   own recognizance bond, that you surrender any passport to the

9   Clerk of Courts, that you obtain no new passports, that you

10  refrain from possessing a firearm, destructive device or other

11  dangerous weapon, that you refrain from any excessive use of

12  alcohol, that you refrain from use or unlawful possession of

13  narcotic drugs or any other controlled substance unless

14  prescribed by a licensed medical practitioner.

15      And are you in a position to turn the passport over today?

16          THE DEFENDANT:  Yes.  I have that, Your Honor.

17          THE COURT:  All right.  And I'll hand you the

18  conditions of the bond.  There is a section here called "Advice

19  of Penalties and Sanctions."  I'm going to ask you to go over

20  them with Mr. Grover and Mr. Butler.  If you accept them, then

21  you may sign the document and we'll proceed in the matter.

22          MR. GROVER:  Your Honor, let the record reflect that I

23  turned over Mr. Cooley's passport to the Court Clerk.

24          THE COURT:  Thank you very much, and I will accept

25  that representation for the record.

```
 1          (Mr. Grover and the defendant confer privately.)

 2              THE COURT:  Mr. Cooley, do you have any questions

 3     about the penalties or the sanctions?

 4              THE DEFENDANT:  No, I do not, Your Honor.

 5              THE COURT:  And do you accept the conditions of the

 6     bond?

 7              THE DEFENDANT:  Yes, I do, Your Honor.

 8              THE COURT:  Is there anything further that we should

 9     discuss for the record before I conclude the matter, Mr. Culum?

10              MR. CULUM:  Your Honor, I'd just note at this time

11     again what I mentioned at the beginning.  Mr. Cooley, in my

12     experience as a prosecutor, it's been very rare for somebody to

13     come in so quickly, and I will make a better note of it at the

14     time of his sentencing, but I wanted the Judge to know today

15     that Mr. Cooley came forward almost immediately upon beginning

16     the investigation, and it was very impressive.

17              THE COURT:  Mr. Grover, anything you wish to add to

18     the record or wish the Court to do in the matter?

19              MR. GROVER:  No, Your Honor, not at this time.

20              THE COURT:  Mr. Butler?

21              MR. BUTLER:  No, Your Honor.

22              THE COURT:  The last time, today anyway, any

23     questions, Mr. Cooley?

24              THE DEFENDANT:  No, Your Honor.

25              THE COURT:  So be it.  The defendant is ordered
```

1   released after processing.

2          MR. GROVER:  Your Honor, the defendant has appeared

3   before the marshals already today for processing, so I take it

4   he's free to go?  He's scheduled to meet with probation in the

5   morning.

6          THE COURT:  If the marshals don't have him in cuffs,

7   he's ready to go.

8          MR. GROVER:  Thank you.

9          COURTROOM DEPUTY:  All rise.  This honorable court is

10  now adjourned.

11      (Proceedings concluded at 4:45 PM.)

12                        - - -

13                   C E R T I F I C A T E

14          I, Luke T. Lavin, RDR, CRR, the undersigned, certify

15  that the foregoing is a correct transcript from the record of

16  proceedings in the above-entitled matter.

17

18                         s/Luke T. Lavin
                           _____
                           Luke T. Lavin, RDR, CRR
19                         Official Court Reporter

20                        - - -

21

22

23

24

25